## OSCAR LAWRENCE v. STATE.

No. A-5997. Opinion Filed Feb. 11, 1928.
(264 Pac. 214.)

Wilkinson & Hudson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Pittsburg county on a charge of pointing a gun and was sentenced to serve a term of 3 months in the county jail and to pay a fine of $50.

The prosecution is based on section 1999, Comp. St. 1921. The charging part of the information is as follows:

"* * * That Oscar Lawrence, in the county and state aforesaid, on the day and year aforesaid, did willfully, wrongfully, and unlawfully point a deadly weapon, to wit, 38 Winchester, No. 304597, 38 W. C. F., to and at one Wallace Creasy and other persons, in the town of Alderson, Okla. * * *"

The record discloses that on the night of October 1, 1925, a meeting of union miners, who were on strike, was held in the streets of Alderson. Defendant, a negro,

had been a member of the union, but had abandoned the strike and had resumed work. At this meeting an altercation arose between defendant and others and a fight resulted. Defendant left the scene, went to his residence, and returned toward the meeting with a gun. He was seized by some of the persons present at the meeting, and the gun taken from him, and he was arrested, charged with this offense.

Various errors are assigned and argued in the brief of defendant, but as the record in the trial court was not preserved by proper objection and exception they are waived. The claim that the information is duplicitous and that defendant was tried for more than one offense, however, is preserved in the record. It will be seen by referring to the information that defendant is charged with pointing a gun at Wallace Creasy "and other persons." It is not alleged that in one and the same act he pointed a gun at Wallace Creasy and others. The information in this particular is duplicitous. One may be guilty of a single offense in pointing a gun at various persons, as where it should be pointed at a crowd of persons. The information should be clear, however, that the pointing is one and the same act. The evidence on the part of the state shows a pointing of the gun at different persons at different times during the latter part of the difficulty. We are not able to say from the record that the defendant was tried for a single offense. On the contrary, it appears that more than one offense was covered by the state's evidence. It is, of course, fundamental that a defendant cannot be put on trial for more than one offense at the same time. Section 2558, Comp. St. 1921.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.