JAY HODGE v. STATE.

No. A-8050.   Sept. 19, 1931.
(3 Pac. [2d] 252.)

W. H. C. Taylor, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of obtaining and receiving $50 from Cloris Smith and Dallas

Palmer, knowing at the time he received the money that the same was stolen property and not the property of the said Cloris Smith and Dallas Palmer, and was sentenced to serve a term of two years in the state penitentiary, from which judgment the defendant has appealed.

The testimony on behalf of the state tended to show that a store belonging to W. F. Fuss, at Wakita, had been burglarized and some money stolen; Cloris Smith and Dallas Palmer burglarized the store and secured some ninety-odd dollars in money; a day or two after the store was burglarized the defendant in this case, with Smith and Palmer and other parties, went to a dance at Manchester some distance from Wakita. Palmer testified that at Manchester Cloris Smith was spending some money and the defendant asked where Smith got the money, and Palmer replied that he might have gotten it at the Fuss store, or words to that effect. The testimony further shows by Smith and Palmer, who burglarized the store, that, after they returned from the dance at Manchester, they together with the defendant decided to drive to Enid for the purpose of buying some whisky, and on the road from Wakita to Enid Smith and Palmer each turned over to the defendant $25. They say they turned the money over to the defendant in Grant county, and the defendant admits receiving the money, but says it was near the city of Enid. The testimony shows that the parties visited Enid but did not buy any whisky, and that the defendant did not return home with Smith and Palmer.

The defendant denies any knowledge of who burglarized the store, and denies he had any knowledge of where the money came from that was turned over to him by Smith and Palmer. The testimony of the defendant further tends to show that, while the witnesses Smith and Palmer and the defendant were in jail, Smith and Palmer

in substance made statements that the defendant knew nothing about the robbery or where the money they turned over to him came from.

Several errors have been assigned by the defendant. The first error assigned by the defendant is: "The court erred in overruling the demurrer to the information filed therein, and holding that said information stated an offense under the laws of Oklahoma, and in holding that said information was not duplicitous in that it alleges that the defendant received $25 from Cloris Smith, and $25 from Dallas Palmer, stolen money, knowing the same was stolen money."

Section 2558, C. O. S. 1921, in part, is as follows:

"The indictment or information must charge but one offense; but where the same acts may constitute different offenses, or the proof may be uncertain as to which of two or more offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same indictment or information."

The true test to determine whether or not the information is duplicitous is, Could a conviction be had, if a prosecution were sought under the allegations that the defendant received $25 from Cloris Smith, knowing the same to have been stolen, and could a prosecution be maintained against the defendant for taking $25 from Dallas Palmer, knowing the same to have been stolen? We think it could. The information in this case charges two separate and distinct offenses, one for having received $25 in money from Cloris Smith, knowing the same to have been stolen, and one for receiving $25 in money from Dallas Palmer, knowing the same to have been stolen. It is clearly shown that the information is duplicitous, and the demurrer to the same should have been sustained.

Scott v. State, 4 Okla. Cr. 70, 109 Pac. 240; Kimbrell v. State, 7 Okla. Cr. 354, 123 Pac. 1027; Williams v. State, 16 Okla. Cr. 54, 180 Pac. 559.

There are other errors assigned which possess merit, but the view we take of this record it is not necessary to consider them.

For the reason stated, the case is reversed.

EDWARDS and CHAPPELL, JJ., concur.