## Ex parte LOYD MUSE et al.

No. A-8818.   Oct. 19, 1934.
(37 Pac. [2d] 317.)

Morrill & Snodgrass, for petitioners.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. This is an original application for writ of habeas corpus of Loyd Muse and Leon Tetter, who were tried in the district court of Jackson county, Okla., on the 29th day of September, 1934, on an information charging them with burglary in the second degree. The charging part of the information, omitting the caption, is as follows:

"That at and within said county and state, on about the 13th day of August, 1934, and anterior to the filing of this information Loyd Muse and Leon Tetter then and there being, did then and there, willfully, unlawfully, burglariously and feloniously, break into and enter by open-

ing a door a certain building of one Tom McCormack, said building being then and there a two-story frame building and being located three miles west and four miles south of Altus, Jackson county, Oklahoma, and being then and there a place where personal property was at said time kept, with the unlawful, felonious and burglarious intent on the part of the said Leon Tetter and Loyd Muse to stealthily and feloniously take, steal and carry away, without the knowledge or consent and against the will of the said Tom McCormack, two saddles and two bridles, the personal property of and in the possession of the said Tom McCormack and of the value of $75.00 and to deprive the said Tom McCormack of said property and to convert the same to the use and benefit of them, the said Loyd Muse and Leon Tetter, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Oklahoma."

The trial resulted in the jury returning the following verdict, omitting the caption:

"We, the jury empaneled and sworn to try the issues in the above entitled cause, do upon our oaths find the defendants, Loyd Muse and Leon Tetter guilty of grand larceny, and assess their punishment by confinement in the state prison for a term of one year.

"[Signed]    J. W. Chism, Foreman."

On the 29th day of September, 1934, the petitioners filed in said court their motion in arrest of judgment, wherein they allege that said judgment was a nullity, wherein they were convicted of an entirely separate and distinct offense from the one charged in the information, which motion was overruled, exceptions saved, and a judgment was entered by the trial court in accordance with the said verdict, adjudging said defendants guilty of the crime of grand larceny, and ordering them to be imprisoned in the State Reformatory, at Granite, Okla., for a period of one year.

Hon. D. R. Rutherford, county attorney of Jackson county, Okla., and Morrill & Snodgrass, attorneys for petitioners, have stipulated as to the facts in the trial court; the said stipulation of facts, after omitting the caption and number of the case, being in words and figures as follows:

"It is hereby stipulated and agreed by and between the defendants and the state that the facts herein are as follows:

"That on the 8th day of September, 1934, the petitioners were charged in the district court of Jackson county, Oklahoma, by information, with the crime of burglary, as shown by the copy of the information attached to petitioner's petition; that thereafter said cause on the 29th day of September, 1934, was tried in said court on said information; that thereafter, on the 29th day of September, 1934, the court instructed the jury that they might find the defendant guilty of either burglary or grand larceny under said information, and that on the 29th day of September, 1934, the jury in said cause found the defendants guilty of grand larceny and assessed their punishment at confinement in the state prison for a term of one year; That thereafter the defendants filed their motion in arrest of judgment, which was by the court, overruled, and said defendants, sentenced, in accordance with said verdict to serve a term of one year in the state prison for the crime of grand larceny.

"That the sheriff of Jackson county, Oklahoma, holds and imprisons the petitioners, solely and only under said judgment for the purpose of delivering them to the warden of the state prison, there to satisfy said judgment.

"Dated this 5th day of October, 1934."

Petitioners in their brief urge that the judgment of confinement is void for want of jurisdiction of the trial court to render the judgment, and insist that the judg-

ment of the court must in all cases be based upon the verdict of the jury, and the verdict of the jury must be responsive to the issues joined in the indictment or information; otherwise petitioners urge the court is without jurisdiction to render judgment thereon.

It is further contended by petitioners that the crime of grand larceny is a separate and distinct crime from that of burglary and is not an element of that offense, consequently not an included offense where the information charges the crime of burglary in the second degree.

The prosecution is based on section 1931, O. S. 1931; the material part of the section being as follows:

"Every person who breaks and enters in the day time or in the night time * * * any building or any part of any building, booth, tent, railroad car, vessel or other structure or erection in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the second degree."

The petitioners, in presenting their petition, argue at length that under the statute on which the information is based grand larceny is not an included offense on a charge of second degree burglary, and they insist that by reference to the statute upon which this prosecution is based it will be shown that burglary may be committed without committing larceny.

The only question to be considered in this case is the question: Is grand larceny an included offense under our statute defining burglary in the second degree? Section 20, art. 2, of the Constitution provides that the accused shall be informed of the nature and cause of the action against him.

Section 2883, O. S. 1931, in part, provides:

"The indictment or information must contain * * * a statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what was intended."

Section 2884, O. S. 1931, provides that the indictment or information must be direct and certain as it regards the party charged, the offense charged, and the particular circumstances of the offense charged, when they are necessary to constitute a complete offense.

Section 2886, O. S. 1931, provides the indictment or information must charge but one offense, but where the same acts may constitute different offenses, or the proof may be uncertain as to which of the two or more offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same indictment or information.

Petitioners rely on Ex parte Harris, 8 Okla. Cr. 397, 128 Pac. 156, to sustain their contention that the court is without jurisdiction to sentence them for grand larceny for the reason that grand larceny is not an included offense in the charge of burglary in the second degree. The Attorney General copies in full section 3097, O. S. 1931, which reads as follows:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

It is not disputed by the petitioners that the section of the statute quoted by the Attorney General is the correct law, but they insist that the facts in the case show that the section quoted by the Attorney General is not applicable to the facts in this case. The Attorney General

in his brief argues that the fact that the court erroneously construed the law and erroneously instructed the jury did not cause the court to lose jurisdiction of the particular proceeding, but at most its action in instructing the jury was an error that is reviewable on appeal, and that habeas corpus is not the proper proceeding, citing In re Wilkins, 7 Okla. Cr. 422, 115 Pac. 1118, in which the court held:

"The review of a judgment of conviction and imprisonment by writ of habeas corpus is limited to the questions: Had the court which rendered the judgment jurisdiction of the subject-matter and of the person convicted? And did the court in the course of the proceedings which resulted in the judgment lose jurisdiction to render a valid judgment and sentence?"

The rule now supported by abundant authorities and clear reasoning is that the court must not only have jurisdiction over the person and subject-matter but authority to render the particular judgment. The want of jurisdiction to render a particular judgment may arise from the constitutional prohibition against the infliction of certain punishment or from punishment for an offense not charged in the indictment or information.

In the case of People v. Curtis, 76 Cal. 57, 17 Pac. 941, the California Supreme Court held that larceny is not an included offense in the crime of burglary.

In Ex parte Harris, 8 Okla. Cr. 397, 128 Pac. 156, in the third paragraph of the syllabus, this court held:

"The judgment of the court must in all cases be based upon the verdict of the jury, and the verdict of the jury must be responsive to the issue joined by the indictment or information and the plea of the person on trial thereto, otherwise the court is without jurisdiction to render judgment thereon."

The petitioners were placed on trial on a charge of burglary in the second degree, and the jury found them guilty of grand larceny. Grand larceny not being an included offense in the charge of burglary in the second degree, the court was without jurisdiction to sentence them to the penitentiary on a conviction of grand larceny.

The judgment must be based on the verdict of the jury, and the verdict of the jury must be responsive to the issues joined. The verdict in this case has not been set aside. The petitioners having been in jeopardy, they cannot again be tried on this information. The judgment rendered by the trial court is void, and the persons accused are entitled to be discharged on a writ of habeas corpus.

Let the writ issue and the petitioners be discharged.

EDWARDS, P. J., and CHAPPELL, J., concur.