## Ex parte MACK SCHERER.

No. A-9228.   Nov. 20, 1936.
(62 Pac. [2d] 660.)

Squyres, Hunt & Gay, for petitioner.

Jess L. Pullen, Asst. Atty. Gen., and Lewis R. Morris, Co. Atty., and E. W. Brown, Asst. Co. Atty., for respondent.

DOYLE, J.   This is an application for discharge from imprisonment by writ of habeas corpus on the part of Mack Scherer, confined in the county jail of Oklahoma county by Stanley Rogers, sheriff, under commitment issued by the district court of said county upon an information filed therein charging Mack Scherer with the crime of grand larceny, to wit, the theft of 30 barrels of crude oil of the value of $30, the personal property of Roy Smith.

It is alleged that said restraint is illegal because the facts set out in the information, if true, would constitute

as a matter of law a misdemeanor only, and that said information does not state facts sufficient to constitute the crime of grand larceny or other felony, for which reasons the district court of Oklahoma county is without jurisdiction to try the offense charged in said information, and referring to sections 2274 and 2275, Okla. Stats. 1931, which read as follows:

"2274. Any person who shall unlawfully make or cause to be made any connection with or in any way tap or cause to be tapped, or drill or cause to be drilled a hole in any pipe or pipe line or tank laid or used for the conduct or storage of crude oil, naphtha, gas or casinghead gas, or any of the manufactured or natural products thereof, with intent to deprive the owner thereof of any of said crude oil, naphtha, gas, casinghead gas or any of the manufactured or natural products thereof, shall be guilty of a felony, and upon conviction shall be punished by confinement in the penitentiary for a term of not less than one year or more than five years."

"2275. Any person who shall unlawfully take any crude oil or gasoline, or any product thereof, from any pipe, pipeline, tank or other receptacle or container with intent to deprive the owner thereof of said crude oil, gas or gasoline or any product thereof shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine of not more than one hundred dollars ($100.00), or by imprisonment in the county jail not to exceed sixty (60) days, or by both such fine and imprisonment."

Counsel contend that under the opinion of this court in the case of Hart v. State, 59 Okla. Cr. 396, 60 Pac. (2d) 411, holding that an information charging offense of tapping a pipe line, which failed to allege that pipe line alleged to have been tapped was laid or used for conduct or storage of crude oil, and its derivatives was insufficient to charge a felony as defined by section 2274, supra.

We think this contention is without merit. Section 1774 of the Penal Code (St. 1931) provides as follows:

"An act or omission which is made punishable in different ways by different provisions of this code, or other penal statute, may be punished under either of such provisions, except that in cases specified in Sections 2805 and 2808 (1817, 1820) the punishment therein prescribed is substituted for those prescribed for a first offense; but in no case can it be punished under more than one; and an acquittal or conviction and sentence under either one, bars the prosecution for the same act or omission under any other."

In the case of Hays v. State, 22 Okla. Cr. 99, 210 Pac. 728, this court, construing this section, held that "where two statutes of the same class make an offense punishable in different ways, an accused may be proceeded against and punished under either of such statutes."

In Tracy v. State, 24 Okla. Cr. 144, 216 Pac. 941, 944, it was contended that "since it was recited in the information that the property stolen was an automobile, the defendant could not be convicted of grand larceny."

This court held:

"Where two statutes provide different penalties for the same class or kind of offense, the state may elect under which the prosecution may be maintained."

In the case of State v. Bunch, 23 Okla. Cr. 388, 214 Pac. 1093, it was held:

"As between specific statutes prescribing different penalties for any offense, the state may elect to try an offender under either statute."

The petition was demurred to by counsel for respondent. The application and the demurrer thereto were presented to the court, both by brief and oral argument.

The general rule is that all questions which may arise in the orderly course of a criminal prosecution are to be determined by the court to whose jurisdiction the defendant has been subjected by law, and the fact that the defendant has a good and sufficient defense to a criminal charge on which he is held will not entitle him to his discharge on habeas corpus.

Under the provisions of section 1774, supra, and the decisions of this court construing the same, the demurrer to the petition herein is, we think, well taken, and should be sustained.

For the reasons stated, the writ of habeas corpus will be denied. It is so ordered.

EDWARDS, P. J., and DAVENPORT, J., concur.