## COX v. STATE.

### No. A–11967.

Criminal Court of Appeals of Oklahoma.

May 5, 1954.

S. E. McDonald, Oklahoma City, for plaintiff in error.

Mac. Q. Williamson, Atty. Gen.; Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

The defendant Earl James Cox was charged by an information filed in the Common Pleas Court of Oklahoma County with contributing to the delinquency of a minor; the information charging in substance that the defendant was the father

of one Carol Joy Cox, a female 16 years of age, and that the defendant by his acts, suggestions, and course of conduct did instigate, stimulate, and promote the said Carol Cox to become a delinquent child and cause her to visit beer taverns, drink intoxicating liquors, and associate with immoral persons, etc. The defendant was found guilty by verdict of the jury and sentenced to serve one year in the county jail and pay a fine of $500.

The facts in the case came to light after Carol Cox, a 16 year old girl, attempted to commit suicide by taking 48 aspirin tablets at one time. She was rushed to the hospital and, while recuperating, detailed to the officers a sordid tale of lewdness and immorality in which she allegedly engaged at the suggestion of her father.

The proof of the State showed that Carol Joy Cox was 16 years of age, she lived in an apartment with her father, her mother, and a prostitute by the name of Naomi Young. Her mother was a prostitute and at the time Carol Cox took the 48 aspirin tablets, she was filling a date with a man. Carol testified that her father, her mother, and Naomi Young all slept in the same bed every night while she slept on a small bed in the kitchen. She had filled dates with men and her father told her how to conduct herself so as to procure money from them. She had seen her father have sexual relations with Naomi Young in her presence. Her father told her of one Bill Echols, a sex pervert, and took her in his automobile to a beer tavern and told her how to act to get a date with Echols. She went with Echols to a room which he occupied, Echols then dressed as a woman, and at Echols suggestion, Carol Cox chained him with a log chain to the bed and padlocked him with five padlocks. She then tortured Echols at his suggestion by holding burning cigarettes to his flesh and also heating a metal clotheshanger and applying it to his flesh. She searched Echols' pocketbook and took $19 and fled, leaving him chained on his bed. She delivered the money to her father.

The night before she took the 48 aspirin tablets, she spent the night in bed with a sailor at an apartment house. The owner of the apartment corroborated this part of her testimony by testifying that Carol and the sailor came to the apartment and represented that they had just been married and rented the apartment from her. After the attempted suicide and before the trial, Carol Joy Cox was adjudged to be a delinquent child, and was committed to the State Girls' Training School at Tecumseh. She was an inmate of that institution at the time of trial.

Raleigh Fernandez, Jr., testified that he went under the alias of Bill Echols. He verified the testimony of Carol Cox that he was a type of sex pervert known as a masochist, and that he was unable to have normal sex relations, but received satisfaction from being physically tortured by a member of the opposite sex. He testified fully to the occurrence where Carol Cox chained him and tortured him, as she related. He further testified that a day or two after the occurrence, he had a conversation with the defendant in which the defendant demanded money from him under the threat of exposing him as a pervert.

The defendant testified that he had had trouble handling his daughter Carol Cox for about two years before charges were filed against him; that he was a bricklayer, and had never suggested to his daughter that she have a date with any man. On cross examination, he admitted that he slept with Naomi Young, the prostitute. He denied, however, that he ever had sex relations with her in the presence of his wife, but that he only slept with her at the Keys Hotel. He admitted giving a written, signed statement to the officers in which he admitted having sexual intercourse with Naomi Young in the presence of his wife, and further, that he had seen his wife have sexual intercourse with other men in his presence. He admitted that he had been convicted once of burglary and had served some time in the state penitentiary in Kansas.

The record is replete with testimony that shows the defendant was a very depraved, immoral character, whose chief pursuit in life was pandering for his wife, his daughter, and Naomi Young.

In the case of Lewis v. State, 90 Okl.Cr. 203, 212 P.2d 148, 149, this court held:

"The preventive and protective nature of the Juvenile Statutes require that they be liberally construed in order that their usefulness and strength may not be impaired.

"Any willful suggestion, act, or course of conduct, knowingly committed by a person, which tends to foster, animate, incite, stimulate, embolden, instigate, promote, or advance a child to become a juvenile delinquent, is within statute defining misdemeanor of contributing to child's delinquency.

"The purpose of the statute making it an offense to contribute to the delinquency of a minor is to protect youth from evil and designing persons who would lead them astray."

The evidence in this case is much stronger than that in Lewis v. State, supra, or Wallin v. State, 84 Okl.Cr. 194, 182 P.2d 788, or McGowan v. State, 83 Okl.Cr. 310, 173 P.2d 227, 176 P.2d 837.

In McGowan v. State, supra, it was held:

"It is a criminal offense in this State for one to knowingly or wilfully cause, aid, abet or encourage a minor to be, to remain or to become a delinquent child. Tit. 21 O.S.1941 § 856.

"(a) 'Minor' includes a male or female person who shall not have arrived at the age of 18 years at the time of the commission of the offense.

"(b) 'Encourage' includes a wilful and intentional neglect to do that which will directly tend to prevent such act or acts of delinquency on the part of such minor, when the person accused shall have been able to do so.

"A delinquent child includes a minor who has been or is violating any penal statute of this state, or who is committing any one or more of the 'following acts:

"(a) Associating with thieves, vicious or immoral persons.

"(b) Frequenting a house of ill repute.

"(c) Wilfully, lewdly, or lasciviously exposing his or her person, or private parts thereof, in any place, public or private, in such manner as to be offensive to decency, or calculated to excite vicious or lewd thoughts."

The evidence was abundantly sufficient to support the conviction.

It is contended that the court erred in admitting in evidence certain nude pictures of defendant's wife and Naomi Young which were found on his person at the time of his arrest. The record shows that the defendant testified that he had set a good example for his daughter and was a good, moral man. The county attorney on cross examination then asked him about the nude pictures of his wife which were in his pocket at the time of his arrest and he testified at length concerning taking the pictures of his wife and that he did not think there was any harm in carrying his own wife's nude pictures around in his pocket. He testified that the picture of Naomi Young was given to him by Naomi. Since the allegations of the information and the proof of the state showed a moral laxity on the part of the defendant and the defendant contended that he was a good, moral man and "had always tried to live right," we think his possession of the nude pictures was admissible as a strong circumstance corroborating the evidence of the State that the defendant was a panderer, who constantly solicited dates for his wife, his daughter, and Naomi Young.

It is also contended that the court erred in excluding a letter together with a drawing attached to it, written by Carol Cox to one Freddy Armentrout, a soldier in the United States Army. Carol admitted writing this letter. The language she employed in it was loathsome and vulgar. The drawing attached to it was a picture of a nude woman in a salacious pose, and she had written on the drawing, "Are you ready, Freddy?"

We could readily see where such evidence might have been favorable to the State, but are unable to perceive any sub-

stance to the contention that the court erred in excluding the evidence insofar as the defendant is concerned. This evidence would just corroborate the story related by the juvenile that she had been reared in an atmosphere of sexual improprieties and would corroborate the evidence that she was, in fact, a juvenile delinquent. We think this evidence was admissible, but as we view the record, the defendant has no ground for complaint because of the rejection of the offer of the letter and attached drawing in evidence.

■ The most serious question presented in the brief of the defendant is the contention that the trial court erred in giving instruction No. 3(a) which involved the question of the punishment to be assessed where a person is found guilty of contributing to the delinquency of a juvenile. In this instruction the jury was told that upon conviction of a person the punishment to be assessed shall be a fine "in a sum not to exceed $500 or imprisonment in the county jail for a period not to exceed one year or by both such fine and imprisonment." It was the contention of the accused that the prosecution was brought under the provision of the statute which provides that for the first offense of contributing to the delinquency of a minor, the accused shall be punished by imprisonment in the county jail not to exceed six months, or by a fine not to exceed $500 or by both such fine and imprisonment. 21 O.S.1951 § 856. This law was passed in 1939. In 1945, an additional statute was passed which now appears in the statutes as Title 21 O.S.1951 § 858.1, which provides:

"In all cases where any child shall be a delinquent or dependent child as now or hereafter defined by the Statutes of this State, the parent or parents or other persons causing, or encouraging or contributing to such delinquency or dependency; or any parent or parents or other persons, who shall by any act or omission to act have caused, encouraged, or contributed to such delinquency or dependency, or to such child becoming delinquent or dependent, shall be deemed guilty of a misdemeanor and upon trial and con-

viction thereof, shall be fined in a sum not to exceed Five Hundred Dollars ($500.00), or imprisonment in the county jail for a period not to exceed one (1) year, or by both such fine and imprisonment."

The caption to the information states the offense charged against the accused as being "contributing to the delinquency of a minor." Neither 21 O.S.1951 § 856, or 21 O.S.1951 § 858.1, nor any other statute is referred to specifically. We think the allegations of the information are broad enough to charge an offense under either of the statutes and the proof was sufficient to establish an offense of contributing to the delinquency of a minor under either or both of the sections of the statutes in question. Counsel for defendant did not, at any time, ask the court to require the prosecutor to elect under which statute he was relying for a conviction.

In Curtis v. State, 86 Okl.Cr. 332, 193 P.2d 309, 310, this court stated:

"Under the provisions of Title 21 O.S.A. § 23, an act or omission which is made punishable in different ways by different provisions of the code may be punished under either of such provisions but in no case can the accused be punished under more than one. Under such conditions the State may elect under which section the prosecution may be maintained."

In Krause v. State, 75 Okl.Cr. 381, 132 P.2d 179, 180, it was held:

"Where two statutes of the same class make an offense punishable in different ways, an accused may be proceeded against and punished under either of such statutes."

We think under the authority of these decisions and the statute therein construed, 21 O.S.1951 § 23, the trial court was authorized to submit the punishment prescribed by either 21 O.S.1951 § 856 or 21 O.S.1951 § 858.1.

The judgment and sentence of the Court of Common Pleas of Oklahoma County is affirmed.

POWELL, P. J., and BRETT, J., concur.