George Thompson BANKS, a/k/a Lateef Balogun, III, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-77-727.

Court of Criminal Appeals of Oklahoma.

April 27, 1978.

Harold J. Singer, Enid, for appellant.

Larry Derryberry, Atty. Gen., Julia T. Brown, Asst. Atty. Gen., for appellee.

## OPINION

CORNISH, Judge:

George Thompson Banks, also known as Lateef Balogun, III, was convicted by a jury of Larceny by Fraud, After Former Conviction of a Felony, in the District Court, Garfield County, Case No. CRF–76–1327. Punishment was assessed at ten (10) years' imprisonment, and the defendant appeals to this Court.

Briefly stated, the evidence showed that in September of 1975, the defendant went to a car lot in Enid, Oklahoma, and there made arrangements to purchase a 1974 Mercury Cougar automobile. After the paperwork was completed, the defendant indicated that he would have to return to his home briefly in order to obtain enough money for the down payment. The defendant, after signing the necessary installment purchase papers, was given permission by the used car salesman of Day Ford Company to drive the car to his home in order to pick up additional money for the down payment. The defendant did not return. The vehicle was recovered some six months later in El Reno, Oklahoma.

The defendant's case consisted primarily of his assertion that, while he took the car and did not return it, he had no intent to steal at the time he received possession of the car.

The defendant's first assignment of error, that the trial court erred in failing to properly instruct the jury on the punishment, necessitates a review of the information and the instructions. The information in this case states in pertinent part:

"GEORGE THOMPSON BANKS A/K/A LATEEF BALOGUN III in Garfield County, State of Oklahoma, on or about the 25 day of September 1976 at and within the said County and State aforesaid, did then and there unlawfully, willfully, intentionally, and knowingly, and feloniously commit the crime of LARCE-NY BY FRAUD in the manner and form as follows, to-wit: Said defendant did unlawfully, wilfully and feloniously take, steal and carry away certain personal property, to-wit: A 1974 Mercury Tudor HT Cougar Automobile, Serial No. 4A93S526937, of the value of more than $20.00 belonging to and in possession of one Day Ford Company, the owner thereof, possession of said property being wrongfully obtained by false and fraudulent representations, statements, pretense, scheme, trick and device as follows: In that the defendant was going to obtain money for the down payment on the aforesaid automobile, that his name was LATEEF BALOGUN, III, and that he lived at 472 E. Illinois, and were made and used by said defendant and did induce said Day Ford Company to part with the possession of said property, with the unlawful, felonious and larcenous intent than and there on the part of said defendant to steal said property and to deprive the owner thereof permanently and to convert the same to his own use and benefit, . . ."

Title 21 O.S.1971, § 1701, defines larceny as follows: "Larceny is the taking of personal property accomplished by fraud or stealth, and with intent to deprive another thereof."

Title 21 O.S.1971, § 1704, states that larceny is grand larceny when the value of the thing stolen exceeds $20.00.

Title 21 O.S.1971, § 1705, states that punishment for grand larceny is confinement not exceeding five years.

Title 21 O.S.1977, § 51, states:

"A. Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction is punishable therefor as follows:

\* \* \* \* \* \*

"2. If such subsequent offense is such that upon a first conviction the offender would be punishable by imprisonment in the penitentiary for five (5) years, or any less term, then the person convicted of

such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding ten (10) years."

At trial, the defendant admitted his prior felony convictions and during the second stage of the proceedings the court instructed on punishment only as follows:

"The Statutes of the State of Oklahoma provide that every person convicted of Larceny by Fraud, following a prior felony conviction, is punishable by imprisonment in the penitentiary for a term not less than ten years."

Although this instruction is clearly erroneous. The defendant's trial counsel raised no objection. The instruction should state that larceny by fraud after former conviction of a felony is punishable by a maximum of ten years. Title 21 O.S.1971, § 1705 and 21 O.S.Supp.1977, § 51.

The State argues that no error has occurred. Their contention is that the defendant was charged and tried for larceny by fraud of an automobile, 21 O.S.1971, § 1720, rather than simply larceny by fraud. The State points out that larceny of an automobile, first offense, is punishable by three to twenty years' imprisonment. Title 21 O.S.Supp.1977, § 51, ¶ 2, states that where the offense charged carries a possible penalty greater than five years for a first offense, then upon a second offense punishment is to be assessed at no less than ten years, which is what the court instructed.

The defendant directs this Court's attention to *Curtis v. State*, 86 Okl.Cr. 332, 193 P.2d 309 (1948). The facts of that case are astonishingly similar to those herein. There, the defendant was charged with stealing certain hogs. This Court noted that the allegations of the information could be read as charging either grand larceny or larceny of domestic animals, however, the information was entitled "grand larceny." In Syllabi numbers two and three the Court stated:

"Under the provisions of Title 21 O.S.A. § 23, an act or omission which is made punishable in different ways by different provisions of the code may be punished under either of such provisions but in no case can the accused be punished under more than one. Under such conditions the State may elect under which section the prosecution may be maintained.

"Ordinarily the introductory paragraph of an information is a mere descriptive label and a wrong name given to the crime in that part of the information is a mere irregularity only and not fatal but where the facts alleged in the information are broad enough to charge an offense defined as a crime in either of two statutes resort will be had to the descriptive label as evidence of an election and where there is no inconsistency in the descriptive label and the charging part of the information or indictment the prosecutor will be held to have clearly indicated an election and will be bound thereby in the prosecution."

In the present case, the allegations in the information, which is entitled "LARCENY BY FRAUD," could support either larceny of an automobile or simply larceny by fraud. This being so, then in accordance with *Curtis v. State*, supra, "resort will be had to the descriptive label as evidence of an election and where there is no inconsistency in the descriptive label and the charging part of the information or indictment the prosecutor will be held to have clearly indicated an election and will be bound thereby in the prosecution." We therefore hold that the defendant was charged and tried for larceny by fraud rather than larceny of an automobile.

Several additional factors compel this result. In the first place, all of the instructions in the guilt or innocence stage except one which we shall discuss later, are couched in the terminology of larceny by fraud. Second, the docket sheet is entitled "larceny by fraud." The order appointing counsel, the order of commitment upon the defendant's "not guilty" plea, and all bonding forms indicate that the defendant was charged with "larceny by fraud." Factors such as these were deemed relevant evidence of an election by the prosecutor in *Curtis v. State*, supra.

Last, and perhaps most important, the judgment and sentence reflects that the defendant was convicted of "larceny by fraud."

Only two factors militate against a determination that the defendant was charged, tried and convicted for larceny by fraud as opposed to larceny of an automobile. As noted above, one instruction by the court includes the language indicating that the defendant may have been tried for larceny of an automobile. Instruction No. 5 states, in part:

"You are instructed that for the State to sustain the charge against the defendant of larceny of an automobile, it is necessary for the State to prove specifically that the automobile was taken by the accused with felonious intent to deprive the owner thereof permanently and to convert the automobile to accused's own use."

The second factor is that the prosecutor stated the following in his opening statement to the jury:

". . . What the state intends to do is very simply. The state is going to prove the elements of larceny by fraud of an automobile. We are going to show you that it occurred on or about September the 25th, 1975. That the automobile involved was a '74 Mercury Tudor Cougar XR, Serial No. 4A93S526937. That it is over twenty dollars ($20), . . ."

We consider the two foregoing factors insufficient to rebut the finding heretofore made that the defendant was charged and tried for larceny by fraud. As to the instruction, we note that the court's opening instruction states that the defendant was charged with "larceny by fraud." Instruction No. 2 states that to accomplish "larceny by fraud" the owner must voluntarily surrender possession, and Instruction No. 4 states that to constitute larceny by fraud the intent to steal must exist when the "property" (not "automobile") is obtained by the defendant.

As to the opening statement of the prosecutor, we note that immediately after making the statement that the State was going to prove the elements of the crime of larceny by fraud of an automobile, the prosecutor indicated that he would also prove that the value of the car was over $20.00. Proof of the crime of larceny of an automobile does not necessitate proof that the value of the automobile was over $20.00. Such proof is necessary only where the charge is grand larceny (herein by fraud). Had the information not stated that the car was worth more than $20.00 then there would have been a conflict between the "descriptive label" and the allegations contained in the information. *Curtis v. State*, supra, indicates that in such case it would perhaps be permissible to ignore the descriptive label in favor of the allegations actually contained in the information.[1] But such is not the case here.

In *Curtis v. State*, supra, the case was reversed. However, in *Curtis*, the Court found that the defendant was originally charged with grand larceny but that "he was tried, the jury instructed, a verdict returned, punishment fixed, and judgment and sentence imposed for larceny of domestic animals." 193 P.2d at 315.

In the instant case, the extent of the error does not seem to be so great. Herein, the instructions, the verdict form, and the judgment and sentence all reflect that the defendant was convicted of larceny by fraud. The only error which occurred, apparently, was that the court instructed on punishment in accordance with larceny of an automobile. In fact, the instruction concerning punishment states:

"The Statutes of the State of Oklahoma provide that every person convicted of *Larceny by Fraud*, following a prior felony conviction, is punishable by imprisonment in the penitentiary for a term not less than ten years." (Emphasis added)

1. However, the court also indicated that the mere inclusion of value would not, ipso facto, change a larceny of domestic animals case to a grand larceny case, but that where it is obvious that the case was prosecuted as grand larceny from the beginning the State will not be permitted to "change horses in midstream," as it were. See, 193 P.2d at 316.

It thus may well be that the court erred only in its construction of 21 O.S.Supp.1977, § 51, i. e., the court incorrectly read the statute as providing a punishment with a minimum of ten years rather than a maximum of ten years.

The Court in *Curtis v. State,* supra, cited *Ex parte Muse,* 56 Okl.Cr. 232, 37 P.2d 317, 319 (1934), for the following proposition:

"The rule now supported by abundant authorities and clear reasoning is that the court must not only have jurisdiction over the person and subject-matter but authority to render the particular judgment. The want of jurisdiction to render a particular judgment may arise from the constitutional prohibition against the infliction of certain punishment or from punishment for an offense not charged in the indictment or information. * * *"

Herein it does not appear that the court inflicted punishment or entered judgment for an offense not charged, and hence the judgment and sentence in this case is not "void." However, this Court has long held that an erroneous instruction on punishment is fundamental error, reviewable by this Court, even if not raised at trial. See, *Wells v. State,* 5 Okl.Cr. 22, 113 p. 210 (1911). See also, *Stokes v. State,* 86 Okl.Cr. 21, 189 P.2d 424 (1948), modified on rehearing, 86 Okl.Cr. 21, 45, 190 P.2d 838 (1948).

In *Stokes v. State,* supra, the information charged second degree arson and the court erroneously instructed on arson in the first degree, both as to substance and as to punishment. Relying on 22 O.S.1941, § 1066 (now 22 O.S.1971, § 1066), the Court modified both the judgment and the sentence.

■ As noted above, the judgment and sentence herein reflects that the defendant was convicted of the crime with which he was originally charged, larceny by fraud. Due to the strength of the State's case, we are of the opinion that a verdict of guilt would be returned upon retrial, and therefore by virtue of the power given this Court by 22 O.S.1971, § 1066, we think that the interests of justice would be best served by simply modifying the defendant's sentence.

The defendant's second assignment of error contains two propositions. The first is that the court improperly permitted State's witnesses who had testified in chief to "rehash" their testimony on rebuttal. In *Schneider v. State,* Okl.Cr., 538 P.2d 1088, 1095 (1975), we stated:

"[R]ebuttal testimony may be offered to explain, repel, counteract, disprove, or destroy facts given in evidence by an adverse party, as well as to clarify a disputed point, notwithstanding that the same testimony might have been introduced in chief, . . ."

After carefully examining the record herein, we conclude that no reversible error has occurred.

■ The defendant's second proposition is that the trial judge improperly interjected himself into the trial of this matter. The court's questions to various witnesses in no way indicated its view of, or expressed an opinion upon the guilt or innocence of the defendant or upon the credibility of any witness. There was therefore no error. *See Richmond v. State,* Okl.Cr., 456 P.2d 897 (1969).

■ The defendant's third assignment of error is that the evidence was insufficient. This contention is wholly without merit. The State showed that the defendant came to the car lot and arranged to purchase a car, using an alias. The address given by the defendant was shown by the State to have been a vacant house. After obtaining possession of the car and driving away, ostensibly to get more money for the down payment, the defendant never returned. From these circumstances we believe the jury was entitled to conclude that at the time the defendant obtained possession of the automobile he had the requisite intent to defraud.

The defendant's final assignment of error urges reversal based upon an accumulation of errors. As noted in our discussion of the defendant's first assignment of error, we agree that the jury was improperly instructed during the punishment stage. However, also as noted above, we are of the

opinion that due to the strength of the State's case if retrial were had a verdict of guilty would again be returned. Because of the error in instructions, however, we hereby *MODIFY* the sentence from a term of ten (10) years' imprisonment to a term of five (5) years' imprisonment, and as modified the judgment and sentence is *AFFIRMED*.

BUSSEY, P. J., and BRETT, J., concur.