### Ex parte WILLIE STOVER.

No. A-2073. · Opinion Filed October 16, 1917.

(167 Pac. 1000.)

HABEAS CORPUS—Issuance of Writ—Jurisdiction—Correction of Errors. Where a prisoner in custody under sentence of conviction seeks to be discharged on **habeas corpus,** the inquiry is limited to the question whether the court in which he was convicted had jurisdiction of his person and of the crime charged, and if the trial court had jurisdiction to convict and sentence, the writ cannot issue to correct mere errors.

Application by Willie Stover for writ of *habeas corpus.* Writ denied.

*Ad V. Coppedge,* for petitioner.

*R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. This is a petition for writ of *habeas corpus.* It is alleged in the petition that Willie Stover is illegally restrained of his liberty by the sheriff of Delaware county by virtue of an unlawful judgment and sentence of the county court, wherein he was sentenced to be confined in the county jail for 60 days and to pay a fine of $120, upon his conviction of the crime of transporting liquor. It is alleged that:

Said "court was without jurisdiction to try the cause for the reason that said court did not convene at the time as fixed and required by law at the town of Grove, a court town, but not the county seat and being the only court town in Delaware county except the county seat."

Where a prisoner in custody under sentence of conviction seeks to be discharged on *habeas corpus* the inquiry is limited to the question whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged; and, if the trial court had jurisdiction and power to convict and sentence, the writ cannot issue to correct mere errors.

To the petition in this case counsel for the state interposed a demurrer, which demurrer was sustained, and the writ of *habeas corpus* was and is refused.