### Ex parte J. V. HOLLINGSHEAD.

No. A-4566.   Opinion Filed July 16, 1923.
(216 Pac. 486.)

(Syllabus.)

1.  **Habeas Corpus—Mere Irregularities in Proceedings or Judgment not Inquired into.** Mere errors or irregularities in the proceedings or judgment of a court in a criminal case will not be examined or inquired into, on an application for writ of habeas corpus.

2.  **Same—Judgment Restraining Applicant of Liberty.** To entitle one to be released, on habeas corpus, from a judgment restraining him of his liberty, the judgment must be void, and not merely erroneous.

3.  **Same—Judgment not Void Notwithstanding Trial Errors.** If the court has jurisdiction of the person of the defendant and of the crime charged, and does not exceed its lawful authority in passing sentence, its judgment is not void, whatever errors may have occurred during the trial.

Habeas corpus by J. V. Hollingshead for release from custody. Writ denied, and cause dismissed.

Don. Emery, for petitioner.

The Attorney General, and M. W. McKenzie, Asst. Atty. Gen., for the State.

DOYLE, J. This is an application for a writ of habeas corpus for the release of J. V. Hollingshead, who, it is alleged, is unlawfully imprisoned and restrained of his liberty by J.

H. Townsend, warden of the state penitentiary at McAlester; the cause of said restraint being upon authority assumed and taken pursuant to two judgments and sentences rendered in the district court of Garfield county, which are presumed to authorize said restraint, but which as a matter of fact and law do not; that said judgments and sentences are null and void, for the reason that said court had no jurisdiction to pronounce the same, one sentence being for 15 and the other for 12 years, both imposed for the crime of grand larceny, whereas the laws of this state provide a maximum sentence of 5 years as the penalty for the crime of grand larceny; and the further reason that said judgments and sentences are based upon informations that do not charge any criminal offense. A copy of said informations, verdicts, and judgments are made a part of the petition.

It is also set forth that an application was made for a writ of habeas corpus to the district court of Pittsburg county, and denied.

It is elementary law that in habeas corpus proceedings jurisdictional questions only are reviewable or to be considered. The writ cannot be invoked for the purpose of reviewing the acts of courts of record, where they acted within their jurisdiction, nor for the purpose of correcting irregularities or errors, or as a substitute for an appeal.

Before the writ is available as a means of release from confinement, it must appear that the court issuing the process has acted without jurisdiction.

In Re Wilkins, 7 Okla. Cr. 422, 115 Pac. 1118, this court holds:

"The review of a judgment of conviction and imprisonment by writ * * * is limited to the questions: Had the court which rendered the judgment jurisdiction of the sub-

ject-matter and of the person convicted? And did the court in the course of the proceedings, which resulted in the judgment, lose jurisdiction to render a valid judgment and sentence?"

It appears from the record before us that the petitioner was before the district court of Garfield county and was tried and convicted under two informations, each charging the crime of stealing an automobile, that upon each trial he was convicted, and, from the judgments rendered on the verdicts, appeals were taken, and said judgments were by this court affirmed. Hollingshead v. State, 21 Okla. Cr. 306, 207 Pac. 104, and page 108.

Our Penal Code provides:

"Any person in this state who shall steal an automobile or other automotive driven vehicle shall be guilty of a felony, and upon conviction shall be punished by confinement in the state penitentiary for a term of not less than five (5) years, nor more than twenty (20) years." Comp. Stats. 1921, § 2120.

The informations were not attacked in the trial court, and no exceptions were taken to the judgments and sentences when pronounced, nor upon the appeals.

The trial court had jurisdiction of the crime charged in each information; the sentences pronounced were based on verdicts of convictions, were within the limits fixed by the statute, and, not having been set aside in a direct proceeding, must now be enforced.

It follows that the writ should be denied, and the cause dismissed.

MATSON, P. J., and BESSEY, J., concur.