Ex parte CHARLES EVANS KEEL.

No. A-9365. Aug. 20, 1937.
(71 Pac. 2d 313.)

J. M. Roberts, for petitioner.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

DOYLE, J. Upon petition filed in behalf of Charles Evans Keel for a writ of habeas corpus, a rule to show cause issued, directed to the warden of the state penitentiary at McAlester.

It appears that an information was filed in the district court of Ottawa county on February 27, 1937, charging that:

"Charles Evans Keel did in said county and state on or about the 23rd day of February, 1937, commit the crime of obtaining a narcotic drug by the use of a false name in the manner and form as follows, to wit: That said defendant did then and there being, did then and there willfully, unlawfully, wrongfully, feloniously and falsely

represent himself to be one Thomas Johnson with the willful, wrongful, unlawful, and felonious intent thereby to procure ten one-quarter grain tablets of morphine sulphate, a narcotic drug, contrary to," etc.

It appears that on the day the information was filed, the accused was taken before the court, where he was then and there duly arraigned upon the information. He thereupon entered a plea of guilty to the information and was by the court sentenced to be confined in the state penitentiary at McAlester for the term of one year, for said crime, and to pay costs of the prosecution.

As grounds for the petitioner's release from the custody of the warden, the petition alleges:

"Petitioner contends that the court was without jurisdiction to render any sentence imprisoning him in the said penitentiary for the reason that the purported information does not charge any crime or offense against the laws of the state of Oklahoma and that the said sentence is void; that if said purported information charges any crime or offense, it would only charge the crime of attempting to obtain a narcotic and that he could not be confined for any crime other than that named in said information; that said information is further void for the reason that it does not state any facts but only conclusions of the pleader; that the purported information does not state from whom petitioner obtained or attempted to obtain a narcotic or that he obtained any by the use of a false name, and that he is imprisoned and restrained of his liberty without due process of law as provided in section 20, article 2 of the Constitution, a copy of the said information and judgment are attached hereto marked Exhibit 'A' and 'B,' and made a part hereof; and that a Writ of Habeas Corpus should be granted and the petitioner be released."

The provisions of the habeas corpus act provide:

"Every person restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus to enquire into the cause of the restraint, and shall be delivered therefrom when illegal." Section 682, St. 1931, 12 Okla. St. Ann. § 1331.

"No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following: * * *

"Second. Upon any process issued on any final judgment of a court of competent jurisdiction; * * *

"Fourth. Upon a warrant or commitment issued from the district court, or any other court of competent jurisdiction, upon an indictment or information." Section 693, 12 Okla. St. Ann. § 1342.

The foregoing provisions only apply when the court has jurisdiction to render the particular judgment. Shepherd v. State, 17 Okla. Cr. 630, 192 Pac. 238; Ex parte Grant, 32 Okla. Cr. 217, 240 Pac. 759.

In Ex parte Owens, 37 Okla. Cr. 118, 258 Pac. 758, 760, this court said:

"A court of competent jurisdiction is one having power and authority of law at the time of acting to do the particular act. Jurisdiction of the person of the prisoner, and of the subject-matter, is not alone conclusive, but the jurisdiction of the court to render the particular judgment is a proper subject of inquiry. If there was no legal power to render the judgment or issue the process, there was no court of competent jurisdiction, and consequently no judgment or process. All is coram non judice and void."

The writ of habeas corpus is not designed to fulfill the functions of an appeal or a writ of error. It is not intended to bring in review mere errors or irregularities, whether relating to substantive rights or to the law of

procedure, committed by a court having jurisdiction over person and subject-matter. Such errors and irregularities do not affect the jurisdiction of the court or render its judgment void, and the remedy is therefore by appeal, exceptions, or writ of error. 21 Cyc. 285.

A proceeding defective for irregularity and one void for illegality may be reversed upon appeal, but it is the latter defect only which gives authority to discharge on habeas corpus.

The information in this case was based upon subdivision (1) of section 17, art. 6, entitled, "Uniform Narcotic Drug Act," c. 24, p. 55, Session Laws 1935, 63 Okla. St. Ann. § 417, providing:

"(1) No person shall obtain or attempt to obtain a narcotic drug, or procure or attempt to procure the administration of a narcotic drug, (a) by fraud, deceit, misrepresentation, or subterfuge; or (b) by the forgery or alteration of a prescription or of any written order; or (c) by the concealment of a material fact; or (d) by the use of a false name or the giving of a false address."

The one question presented in this proceeding is, Did the court have jurisdiction to render the judgment?

When the information uses substantially the same language in charging an offense as is used in the statute creating the offense, the information is sufficient to sustain the jurisdiction of the court to render the judgment of conviction upon a plea of guilty.

In Hensley v. State, 34 Okla. Cr. 345, 246 Pac. 886, this court held:

"Where an information is not challenged either by demurrer or objection to the introduction of evidence, every intendment or presumption will be indulged to sustain it."

From the record, the trial court appears to have had jurisdiction of the person of the petitioner and of the crime with which he was charged, and, in addition, full authority to render the judgment upon which the commitment issued, so that it is now impervious to collateral attack such as is here attempted.

In the case of Ex parte King, 41 Okla. Cr. 241, 272 Pac. 389, this court held that:

"The general rule is that the writ of habeas corpus may not be used either before or after conviction to test the sufficiency of an indictment or information. Where an indictment or information is merely defective, demurrable, or subject to a motion to quash, or technically insufficient, but may be amended to state the crime sought to be charged, the person held by process based upon it is not entitled to test the sufficiency of the indictment or information by habeas corpus. Where, however, the indictment or information is fundamentally defective in substance, so that it cannot be amended to charge a crime in any manner or form or by any intendment, it is void, and a person held by process based on such void charge is entitled to discharge by habeas corpus."

See, also, Ex parte Wagner, 58 Okla. Cr. 161, 50 Pac. (2d) 1135; Johnson v. State, 57 Okla. Cr. 220, 46 Pac. (2d) 964; Ex parte Gardner, 54 Okla. Cr. 294, 19 Pac. (2d) 910.

Our conclusion is that the objections urged by the petitioner against the legality of his conviction are not well founded.

It follows that petitioner is lawfully imprisoned under said judgment and sentence. Wherefore the writ of habeas corpus will be denied. It is so ordered.

DAVENPORT, P. J., and BAREFOOT, J., concur.