Ex parte J. H. TOLLISON.

No. A.-10089.    Sept. 24, 1941.

(117 P. 2d 549.)

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J. The petitioner, J. H. Tollison, is incarcerated in the penitentiary upon conviction in the district court of Pontotoc county upon four felony charges. The convictions were obtained in trials before the court sitting without a jury, and in the judgments it is provided that the sentences against the petitioner shall each run concurrently with the sentence pronounced in case No. 3288.

The petitioner has filed his verified petition in this court, seeking his release from imprisonment. The petitioner in filing his petition evidently has acted without benefit of an attorney to advise with him in the preparation of his petition, as it is poorly prepared and does not allege sufficient facts upon its face to show that the petitioner is entitled to his discharge. Accordingly, the Attorney General has interposed his demurrer to said petition and has asked this court to deny the writ of habeas corpus upon the facts set forth in said petition.

Many prisoners in state institutions are constantly writing this court concerning their imprisonment. Many of them, as is done in the instant case, mail to us what is styled a petition in habeas corpus, in which they complain of the illegality of their imprisonment, but do not set up in their petitions sufficient facts to enable the court to thoroughly understand the proceedings by which the prisoner stands committed to the state institution.

In the particular case now under discussion, the petitioner complains of his commitment in one case, and alleges that the court tried him without a jury, and that he at no time waived a jury. However, the record of conviction attached to the petition, which was not certified to by the court clerk of Pontotoc county, but which petitioner alleges is a true record, shows convictions and commitments on four charges. Since the allegation of the petitioner, if true, would only serve to set aside the judgment pronounced in the case which is being attacked and would not serve to grant him a discharge from his imprisonment for the reason that he stands imprisoned to answer three other judgments pronounced against him, which sentences thus pronounced are unsatisfied, the petition will have to be denied. Ex parte Allen, 56 Okla. Cr. 154, 35 P. 2d 284; Ex parte Russell, 52 Okla. Cr. 136, 3 P. 2d 248; Ex parte Adams, 39 Okla. Cr. 334, 265 P. 147.

This court is very liberal in construing petitions filed by inmates of state institutions which are prepared without the advice and help of an attorney, as we realize that there will be many cases where prisoners may have good grounds for petitioning this court for relief, but are unable to secure the assistance of an attorney because of their financial condition or otherwise; and in those instances we give every reasonable inference that we can to their petitions to see whether the same are sufficient on their face to justify a hearing upon the issues thus raised.

The petitioner herein attaches what he alleges to be four true and correct copies of judgments and sentences pronounced against him in four felony cases. These instruments appear to be regular upon their face, and no facts are alleged in the petition which would justify this

court in setting aside these judgments of conviction rendered by a court of competent jurisdiction.

We again call attention to the fact that this court on habeas corpus will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure or errors of law on questions over which the court has jurisdiction. The writ of habeas corpus cannot be used to perform the office of a writ of error on appeal, but will be limited to cases in which the judgment and sentence of the court attacked is clearly void. See Ex parte Dunn, 33 Okla. Cr. 190, 242 P. 574; Ex parte Grant, 32 Okla. Cr. 217, 240 P. 759; Ex parte Hollingshead, 24 Okla. Cr. 131, 216 P. 486.

The petitioner herein had counsel of his own choosing at the time of his trial, and his remedy, if any of his rights were denied in the proceedings, or if the evidence was insufficient in his opinion to support the conviction, should have been by bringing his case to this court in the proper manner by appeal.

For the reasons hereinabove stated, the demurrer of the Attorney General to the petition filed herein should be sustained, and the petition for habeas corpus denied.

It is so ordered.

BAREFOOT, P. J., and DOYLE, J., concur.