Ex parte HENRY E. WALKER.

No. A-10856.  May 7, 1947.
(180 P. 2d 670.)

Henry E. Walker, pro se.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent R. B. Conner, Warden.

BRETT, J. On September 18, 1940, in the district court of Osage county, Okla., the petitioner, Henry E. Walker, was charged in the cause No. 3440 with the crime of assault with a deadly weapon, pleaded guilty, and was sentenced therein to serve three (3) years in the State Penitentiary. On the same day, he was charged in the district court of Osage county, Okla., in cause No. 3441 with the crime of robbery with firearms, to which he pleaded guilty and was sentenced to twelve (12) years in the penitentiary. The sentences in cause No. 3440 and No. 3441 were to run consecutively, requiring the petitioner to serve a total of fifteen (15) years in the penitentiary.

From these judgments and sentences, the petitioner took no appeal.

The petitioner presents his petition for writ of habeas corpus without the benefit of an attorney to advise him. In his petition he does not attack the court's jurisdiction of his person, the subject matter, or assert that the proceedings in which he was charged, tried, convicted and sentenced are void. He bases his claim to relief upon the proposition that he had been led to believe, by the prosecutor, that if he would plead guilty the sentences that would be imposed would run concurrently, but that the court, in pronouncing the judgments and sentences, made them to run consecutively, and that by reason of this fact, the sentences were excessive.

To this petition, the Attorney General has demurred on the grounds that the petition did not state facts sufficient to warrant petitioner's release and that the allegations relied upon, in said petition, should have been raised on appeal.

In Ex parte J. H. Tollison, 73 Okla. Cr. 38, 117 P. 2d 549, 550, this court said:

"This court is very liberal in construing petitions filed by inmates of state institutions which are prepared without the advice and help of an attorney, as we realize that there will be many cases where prisoners may have good grounds for petitioning this court for relief, but are unable to secure the assistance of an attorney because of their financial condition or otherwise; and in those instances we give every reasonable inference that we can to their petitions to see whether the same are sufficient on their face to justify a hearing upon the issues thus raised."

However, the writ of habeas corpus is limited to cases in which the judgment and sentence of the court attack-

ed are clearly void. This court, on habeas corpus, will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularitites of procedure. This court so held in Ex parte Tollison, supra. See, also, Ex parte Dunn, 33 Okla. Cr. 190, 242 P. 574; Ex parte Grant, 32 Okla. Cr. 217, 240 P. 759; Ex parte Hollingshead, 24 Okla. Cr. 131, 216 P. 486.

The only point raised in the petition goes to the proposition that the judgments and sentences imposed were excessive; therefore, the only question presented was, did the court have authority to impose the sentences pronounced in causes numbered 3440 and 3441. Under the provisions of § 645 O. S. A., Title 21, the court could have assessed a penalty, not to exceed five (5) years. Under § 801 O. S. A., Title 21, for robbery with firearms, the court could have assessed, as the maximum penalty, the death sentence, or not less than five (5) years in the penitentiary. It is therefore apparent that the judgments and sentences were not excessive as beyond the statutory authority of the court to pronounce. The court, having jurisdiction of the person of the defendant and of the crime charged and not having exceeded its authority in passing sentence, its judgment is not void. This court so held in Ex parte W. O. West, 62 Okla. Cr. 260, 71 P. 2d 129; also, Ex parte Charles Evans Keel, 62 Okla. Cr. 277, 71 P. 2d 313, 314, wherein this court said:

"Where a petitioner is imprisoned under a judgment of conviction for crime, unless the court was without jurisdiction to render the particular judgment, and the judgment is void and not merely voidable, relief cannot be had by habeas corpus.

"On habeas corpus to determine legality of imprisonment where detention is under the judgment of a district court, the court is limited to a determination of whether

the facts stated in the information constitute an offense, and whether the judgment and sentence imposed was warranted by law and was within the jurisdiction of the court."

It is therefore apparent that the facts alleged in the petition for writ of habeas corpus herein are insufficient, even if established, to warrant the discharge of the prisoner; only a lack of jurisdiction or errors or irregularities which divest the court of jurisdiction or renders the judgment void can be raised by habeas corpus, Ex parte Henry Thomas, 56 Okla. Cr. 258, 37 P. 2d 829. The petition presents no such errors as would divest the court of jurisdiction or render the judgment void. The demurrer to the petition for writ of habeas corpus is therefore sustained and the petition dismissed.

BAREFOOT, P. J., and JONES, J., concur.