## Ex parte LEROY DRAKE.

No. A-11082.   Sept. 1, 1948.
(197 P. 2d 308.)

Leroy Drake, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J.   This is an original proceeding brought by petitioner Leroy Drake for a writ of habeas corpus seeking his release from the penitentiary at McAlester. The petition alleges that he was charged by information with the crime of grand larceny of property worth and of the value of $200, after a former conviction.   The ver-

dict of the jury as disclosed by the petition is as follows, to wit:

"We, the jury, impaneled and sworn in the above-entitled cause, do upon our oaths find the defendant, Leroy Drake, guilty as charged in the information herein and fix his punishment at 10 years in the State Penitentiary."

The pertinent part of the judgment and sentence read as follows, to-wit:

"The prisoner the above named Leroy Drake, defendant, being personally present in open court and having been legally informed against and arraigned and having plead not guilty to the crime of Grand Larceny (Larceny of Domestic Animals) charged in said information, and having been then and there in said court, duly and legally tried and convicted of said crime, and the prisoner appearing for judgment is informed by the court of the nature of the information and of his plea and the verdict of the jury thereon, and being asked by the court whether he had any legal cause to show why judgment and sentence should not be pronounced against him, and giving no good reason in bar thereof, and none appearing to the court.

"It is therefore ordered, adjudged and decreed by the Court that the said Leroy Drake be confined in the State Penitentiary at McAlester, in the State of Oklahoma, for the term of ten (10) years, for said crime by him committed, * * *"

The maximum sentence for grand larceny when the value of the property is in excess of $20 is as follows (Title 21 O. S. A. § 1705):

"Grand larceny is punishable by imprisonment in the penitentiary not exceeding five years."

The maximum punishment for one formerly convicted of crime and charged as the petitioner herein was

charged under the habitual criminal act, Title 21 O. S. A. § 51, is governed by subsection 2 thereof, which reads as follows, to wit:

"2. If such subsequent offense is such that, upon a first conviction the offender would be punishable by imprisonment in the penitentiary for five years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding ten years."

It clearly appears from the judgment and sentence, that the court had the petitioner before it in person, on a charge of grand larceny, and that the sentence was within the limits of the law. It is apparent, therefore, that, the court having jurisdiction of the person of the petitioner, jurisdiction of the subject matter, and authority under the law to render the judgment and sentence, the judgment and sentence are not void. We said in Ex parte Mayberry, 78 Okla. Cr. 366, 148 P. 2d 785, that inquiry in habeas corpus is limited to a determination of those questions. Ex parte Cannes, 77 Okla. Cr. 71, 138 P. 2d 561, certiorari denied 320 U. S. 764, 64 S. Ct. 44, 88 L. Ed. 456. We have repeatedly held the writ of habeas corpus is limited to cases where the judgment and sentence of the court attacked are clearly void. Ex parte Walker, 84 Okla. Cr. 190, 180 P. 2d 670, Ex parte Darr, 84 Okla. Cr. 352, 182 P. 2d 523; Ex parte Tollison, 73 Okla. Cr. 38, 117 P. 2d 549; Ex parte West, 62 Okla. Cr. 260, 71 P. 2d 129; Ex parte Keel, 62 Okla. Cr. 277, 71 P. 2d 313; Ex parte Dunn, 33 Okla. Cr. 190, 242 P. 574; Ex parte Grant, 32 Okla. Cr. 217, 240 P. 759; Ex parte Hollingshead, 24 Okla. Cr. 131, 216 P. 486. Moreover, the writ of habeas corpus cannot be used to correct irregularities of procedure. Ex parte Cannes, supra. See, also, Ex parte Darr, supra; Ex parte Stover, 14 Okla. Cr. 120, 167 P. 1000; Ex parte

Vanderburg, 73 Okla. Cr. 21, 117 P. 2d 550; Ex parte Tollison, supra, wherein this court said:

"The Criminal Court of Appeals on habeas corpus will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure or errors of law on questions over which the court has jurisdiction."

Moreover, it has been repeatedly held by this court that habeas corpus may not be substituted for appeal. Ex parte Broyles, 84 Okla. Cr. 47, 178 P. 2d 652; Ex parte Darr, supra; Ex parte Mayfield, 84 Okla. Cr. 158, 179 P. 2d 934; Ex parte Walker, supra; Ex parte Robinson, 56 Okla. Cr. 404, 41 P. 2d 127; Ex parte Thomas, 56 Okla. Cr. 258, 37 P. 2d 829; Ex parte Barnette, 29 Okla. Cr. 80, 232 P. 456; Ex parte Talley, 4 Okla. Cr. 398, 112 P. 36, 31 L. R. A., N. S., 805; In re Sullivan, 82 Okla. Cr. 364, 170 P. 2d 260; Ex parte Miller, 82 Okla. Cr. 315, 169 P. 2d 574; and numerous other decisions to that effect.

The petitioner herein relies on the case of Curtis v. State, 86 Okla. Cr. 332, 193 P. 2d 309. That case is not applicable herein since the same was not a habeas corpus matter, but came here on appeal. It attacked the instructions of the court, a proper matter for consideration on appeal but not in habeas corpus. Therein we had before us the record on appeal setting forth what we held were erroneous instructions resulting in an erroneous judgment and sentence. Here we have no such record before us. In the absence of the record of the trial, we cannot presume the court erroneously instructed the jury in the trial of the Drake case. That must follow even though Curtis and Drake were codefendants, since a severance was asked, granted, and the cases tried separately. Moreover,

as we have heretofore observed, the question presented in the Curtis case on appeal cannot be raised by habeas corpus. Had this petitioner elected to appeal his case and had he done so within the time allowed for perfecting the same, he might have disclosed errors warranting a reversal, but such cannot be presumed; especially upon the basis of what happened in the separate trial of another defendant. To grant the relief herein prayed for on the basis of what occurred in the Mike Curtis case would be to presume that the records are identical. This we cannot do. The petitioner also relies on Ex parte Muse, 56 Okla. Cr. 232, 37 P. 2d 317, and Ex parte Harris, 8 Okla. Cr. 397, 128 P. 156, habeas corpus cases, wherein lack of jurisdiction appeared on the face of the judgment record. Here we are confronted with no such situation. To sustain this petition resort must be had to the record in Curtis v. State, supra. The law will not support such procedure. Moreover, in habeas corpus we can only inquire into the jurisdiction of the court as reflected by the judgment and sentence. Ex parte Walker, supra, wherein it was said 180 P. 2d 671:

"This court, on habeas corpus, will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure." Ex parte Tollison, supra; Ex parte Dunn, supra; Ex parte Grant, supra; Ex parte Hollingshead, supra.

In this proceeding looking at the judgment and sentence herein complained of, it appears that the court had jurisdiction of the person, the subject matter, and to pronounce the judgment and sentence imposed and that the same is not void. It further appearing that the petitioner herein seeks to obtain relief against alleged errors of law occurring during the trial which cannot be

reached by habeas corpus, the writ must therefore be denied. It is so ordered.

BAREFOOT, P. J., and JONES, J., concur.