## Ex parte MARVIN HAMPTON.

No. A-11061.   Oct. 20, 1948.
(198 P. 2d 751.)

Marvin Hampton, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Latti-more, Asst. Atty. Gen., for respondent.

BRETT, J.   This is an original proceeding in habeas corpus brought by Marvin Hampton, petitioner. In his verified petition he complains that in Osage county in Case No. 2921, he was charged with murder alleged to have been committed by himself and others on March 22, 1930.   To this charge he pleaded guilty on March 13, 1937, and was sentenced to life imprisonment in the Reformatory at Granite, Okla.   In his petition he alleges that he is now being unlawfully restrained of his liberty by C. P. Burford, warden of the State Penitentiary at McAlester, Okla.   The grounds of said complaint are that he was never served with any notice or copy of the information or list of witnesses; that he was not advised of his rights; that he was not advised that he was entitled to trial by jury, but he was advised by the assistant county attorney that a plea of guilty would bring forth a sentence of five years; that he was advised by the county attorney that he did not need an attorney on a plea of guilty.   He further contends that the court first accepted the petitioner's plea of guilty and then ad-

vised him he would have to sentence petitioner to life; that the court did not inform him of his right to withdraw his plea of guilty; that he was not advised of the different degrees of homicide; that on trial he might be convicted of a lesser degree of homicide than murder; that he entered his plea of guilty solely upon the representations made to him by the assistant county attorney; that by reason of the said facts his plea was not voluntary, all of which served to deny the court proper jurisdiction to accept said plea and enter the judgment and sentence thereon.

Furthermore, he contends that the district judge violated the statutes of the State of Oklahoma by sentencing him to the Oklahoma State Reformatory at Granite, Oklahoma, for the reason that the statutes forbid a person to be sentenced to the State Reformatory after conviction for murder. None of the grounds set forth in the petition for habeas corpus appear on the face of the record, but, to the contrary, it appears that the petitioner was accorded his constitutional and statutory rights, the denial of which he first complains. In Ex parte Seale, 75 Okla. Cr. 183, 129 P. 2d 862, this court said:

"Where a petition for a writ of habeas corpus is filed, the burden is upon petitioner to sustain the allegations thereof. It is only when the record and the evidence reveals that the judgment and sentence under which petitioner is being held is void will relief be granted by habeas corpus."

See, also, Ex parte Motley, 86 Okla. Cr. 401, 193 P. 2d 613, 614.

At the hearing upon the petition, the petitioner offered no additional proof other than that contained in his verified petition. To the contrary, the state offer-

ed in evidence certified copies of the court minutes. An examination of these minutes reveals that the petitioner was not denied any of the foregoing rights, but discloses that the petitioner was ably represented on February 1, 1937, at the time of his arraignment by counsel, Honorable John Tillman of Pawhuska, an able attorney, well versed in criminal procedure and law. The minutes disclose at the arraignment the information was read to him, and a copy thereof served upon him in open court. The minutes further reveal that he was given 48 hours to plead. That thereafter, and on February 3, 1937, petitioner was again present in open court in person and by counsel; that at said time counsel was granted leave to withdraw. It further appears that the court explained the petitioner's rights to him, and the defendant thereupon entered a plea of not guilty. On February 25, 1937, the petitioner again appeared in open court and asked leave to withdraw his former plea of not guilty for the purpose of entering a plea of guilty. The minutes disclose that before the request was granted, the court explained the penalties of a plea of guilty to the petitioner. That notwithstanding this explanation petitioner entered his plea of guilty to the charge of murder, whereupon sentence was deferred until March 15, 1937. It further appears that on March 13, 1937, petitioner requested that he should be sentenced then and that the matter not be deferred until March 15, 1937. The record discloses that upon this request being made the county attorney made recommendation that the petitioner be given the minimum sentence for murder, that of life imprisonment; that thereupon the court sentenced the petitioner to the reformatory at Granite for a term of his natural life. As hereinbefore indicated, the petitioner offers no proof to support the charges other than his

verified petition and a photostatic copy of the judgment and sentence. In Ex parte Motley, supra, we said:

"Every presumption favors regularity of the proceedings had in the trial court. The general rule often announced by this court is that error must affirmatively appear from the record; it is never presumed.

"As against a collateral attack the judgment is valid unless the contrary appears in the record and omission in the record of every step in the proceeding does not overcome the presumption of regularity and warrant release on writ of habeas corpus. * * *

"Where a disputed question arises as to what occurred upon arraignment of one accused of crime great weight will be given to the recitations in the minutes of the court proceedings as to what occurred.

"Public policy will not permit the petitioner, in a habeas corpus proceeding, to supply the missing links, by his testimony standing alone. His release must be based on something more substantial and in any event his testimony should be corroborated by clear and convincing proof."

Moreover, to the same effect is Ex parte Matthews, 85 Okla. Cr. 173, 186 P. 2d 840; and Robbins v. State, 12 Okla. Cr. 294, 155 P. 491. No such proof is before us in this proceeding. As was aptly said by this court in Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139, 147:

"A great proportion of those who are incarcerated in the penitentiary would be willing to swear to almost anything to secure their release."

The record in this case reveals that everything was done to protect the petitioner's rights to which he was entitled. Moreover, it appears from the record that the rights which the law accords him and of which he did

not avail himself, he waived. This he could do, as this court has repeatedly held in Ex parte Meadows, supra; Ex parte Snow, 84 Okla. Cr. 423, 183 P. 2d 588; And in Johnson v. State, 79 Okla. Cr. 363, 155 P. 2d 259, 260:

"Where (accused) * * * has (been) fully advised * * * as to his constitutional and statutory rights and as to the consequences of his plea and * * * with such knowledge, he deliberately enters his plea of guilty, the trial court is justified in accepting it even in a capital case."

This rule was limited in Ex parte Cornell, 87 Okla. Cr. 2, 193 P. 2d 904, as applied to minors. It appears that such is not the situation in the case at bar. Furthermore, nothing appears from the record made by the trial court to the contrary and the judgment and sentence is valid against collateral attack. Ex parte Matthews, supra. It is evident, therefore, that the petitioner's first contention relative to a denial of his constitutional and statutory rights is without merit.

In his second contention the petitioner alleges that the judgment and sentence is void since the court was without authority of law to sentence him to the reformatory at Granite, Okla. This contention is predicated upon the provisions of 57 O. S. A. 1941 § 105. in effect that "the trial judge shall sentence * * * to the State Penitentiary at McAlester, Oklahoma, * * * all persons whose term of confinement is for life", etc. This contention might have been made at the outset of the petitioner's incarceration while he was confined in the Reformatory at Granite, but under the state of his present confinement, such contention is wholly without merit since petitioner is now confined at the penitentiary as by law provided. This holding is in keeping with the rule announced in

Ex parte Combs, 87 Okla. Cr. 164, 195 P. 2d 772, 773, to the effect that:

"Custody and place of confinement is an administrative matter and not a judicial act".

And "where in a habeas corpus proceeding it appears from the petition and the facts involved that the present custody and place of confinement of a person convicted of crime is according to law the writ will be denied."

Furthermore, where a prisoner in custody under sentence of conviction seeks to be discharged on habeas corpus, the inquiry is limited to the questions whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged, and did the court have jurisdiction to render the particular judgment. Ex parte Motley, supra. We also said in Ex parte Mayberry, 78 Okla. Cr. 366, 148 P. 2d 785, that inquiry in habeas corpus is limited to a determination of those questions. Ex parte Cannes, 77 Okla. Cr. 71, 138 P. 2d 561, certiorari denied, Cannes v. State of Oklahoma, 64 S. Ct. 44, 320 U. S. 764, 88 L. Ed. 456. Moreover, we have repeatedly held, the writ of habeas corpus is limited to cases where the judgment and sentence of the court attacked are clearly void. Ex parte Walker, 84 Okla. Cr. 190, 180 P. 2d 670; Ex parte Darr, 84 Okla. Cr. 352, 182 P. 2d 523; Ex parte Tollison, 73 Okla. Cr. 38, 117 P. 2d 549; Ex parte West, 62 Okla. Cr. 260, 71 P. 2d 129; Ex parte Keel, 62 Okla. Cr. 277, 71 P. 2d 313; Ex parte Dunn, 33 Okla. Cr. 190, 242 P. 574; Ex parte Grant, 32 Okla. Cr. 217, 240 P. 759; Ex parte Hollingshead, 24 Okla. Cr. 131, 216 P. 486. We are confronted with no such situation in this petition for habeas corpus, and the writ must therefore be denied.

BAREFOOT, P. J., and JONES, J., concur.