## Ex parte DOYLE FRANKS.

No. A-11152. Dec. 1, 1948.

(200 P. 2d 778.)

Doyle Franks, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Latti-more, Asst. Atty. Gen., for respondent.

BRETT, J. This is an original proceeding brought by the petitioner, Doyle Franks, for a writ of habeas corpus seeking his release from the State Penitentiary at McAlester, Okla., wherein he is restrained of his liberty by C. P. Burford, warden thereof. Petitioner says he is now being detained in the State Penitentiary under and by virtue of proceedings had in two case No. 2720, Greer County, Oklahoma, for the crime of escaping from the Reformatory located at Granite, Oklahoma, and in case No. 2721, wherein he was charged with larceny of domestic animals, to wit, a horse, upon which he made his said escape. In case No. 2720 he entered his plea of guilty and was sentenced to a term of two years. In case No. 2721 he likewise entered a plea of guilty and received a sentence of three years, said sentences to run concurrently with each other. Title 21 O.S.A. 1941 § 443, together with the title, reads as follows, to wit:

"§ 443. Escape from State Penitentiary or State Re-formatory—Punishment.—

"Any prisoner in either the State Penitentiary or State Reformatory sentenced thereto who escapes from such prison, either while confined therein, or while permitted to be at large as a trusty, is punishable by imprisonment in such prison for a term not less than two (2) years or more than seven (7) years." Laws 1939, p. 6, § 1, as amended Laws 1943, p. 83, § 1.

The pertinent part of Title 21 O.S.A. 1941 § 1716, larceny of domestic animals, reads as follows, to wit:

"Any person in this State who shall steal any horse, * * * shall be guilty of a felony and upon conviction shall

be punished by confinement in the State Penitentiary for a term of not less than three years, nor more than ten years; * * *."

The petitioner contends that the sentence in case No. 2721, larceny of domestic animals, is unjust and contrary to law in that the attempted escape was sought to be perpetrated upon a horse of which he had custody as a trusty for the reason that the animal was never removed from within the bounds of state-owned property, traded, sold or presented to anyone by the petitioner, and that, in consequence of the right accorded said petitioner to use said animal, petitioner says that the alleged theft of the animal was and constitutes a subterfuge as the means of imposing an additional and excessive sentence upon a single crime, that of escaping from the Reformatory, and that such attempt constitutes double jeopardy in violation of the petitioner's rights.

From an examination of the judgment and sentence rendered in cases Nos. 2720 and 2721, it appears that at the time the judgment and sentence was imposed the petitioner was then before the court on charges involving subject matters over which the court had jurisdiction, and that the judgment and sentence pronounced was within the limits of the law. The court thus having jurisdiction of the subject matter, and authority under the law to render the judgment and sentence, the same is, therefore, not void. In Ex parte Mayberry, 78 Okla. Cr. 366, 148 P. 2d 785, we said that the inquiry in habeas corpus is limited to a determination of those questions. See Ex parte Cannes, 77 Okla. Cr. 71, 138 P. 2d 561, certiorari denied, Cannes v. State of Oklahoma, 64 S. Ct. 44, 320 U.S. 764, 88 L. Ed. 456, wherein this court said it would not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities

of procedure or errors of law on questions over which the court has jurisdiction, and that the writ of habeas corpus cannot issue to correct such errors of law or irregularities in proceedings before the trial court. Ex parte Drake, 87 Okla. Cr. 255, 197 P. 2d 308; Ex parte Tollison, 73 Okla. Cr. 38, 117 P. 2d 549; Ex parte Cannes, supra; Ex parte West, 62 Okla. Cr. 260, 71 P. 2d 129; Ex parte Keel, 62 Okla. Cr. 277, 71 P. 2d 313; Ex parte Dunn, 33 Okla. Cr. 190, 242 P. 574; Ex parte Darr, 84 Okla. Cr. 352, 182 P. 2d 523; Ex parte Stover, 14 Okla. Cr. 120, 167 P. 1000; Ex parte Vanderburg, 73 Okla. Cr. 21, 117 P. 2d 550. Furthermore, we have repeatedly held, the writ of habeas corpus is limited to cases where the judgment and sentence of the court attacked are clearly void. Ex parte Drake, supra; Ex parte Walker, 84 Okla. Cr. 190, 180 P. 2d 670; Ex parte Darr, supra; Ex parte Tollison, supra; Ex parte West, supra; Ex parte Keel, supra; Ex parte Dunn, supra; Ex parte Grant, 32 Okla. Cr. 217, 240 P. 759; Ex parte Hollingshead, 24 Okla. Cr. 131, 216 P. 486.

It is apparent upon its face that the petitioner herein seeks to substitute the writ of habeas corpus for an appeal to correct an error of law, in a case where he pleaded guilty, his contention being based upon his own ex parte statement of facts to the effect that the sentence in cause No. 2721 was a mere subterfuge constituting double jeopardy, and therefore compelling him to endure excessive punishment. In this connection, in Ex parte Vanderburg, supra [73 Okla. Cr. 21, 117 P. 2d 551], we said:

"Where an accused entered his plea of guilty to a felony, the question as to whether the punishment imposed is excessive will not be determined in a habeas corpus proceeding. Such question is properly a matter to be determined by appeal."

Such relief cannot be had in habeas corpus. This court has repeatedly held that habeas corpus may not be substituted for an appeal. Ex parte Drake, supra; Ex parte Broyles, 84 Okla. Cr. 47, 178 P. 2d 652; Ex parte Darr, supra; Ex parte Mayfield, 84 Okla. Cr. 158, 179 P. 2d 934; Ex parte Walker, supra; Ex parte Robinson, 56 Okla. Cr. 404, 41 P. 2d 127; Ex parte Thomas, 56 Okla. Cr. 258, 37 P. 2d 829; Ex parte Barnette, 29 Okla. Cr. 80, 232 P. 456; Ex parte Talley, 4 Okla. Cr. 398, 112 P. 36, 31 L.R.A., N.S. 805; In re Sullivan, 82 Okla. Cr. 364, 170 P. 2d 260; Ex parte Miller, 82 Okla. Cr. 315, 169 P. 2d 574.

Looking at the judgment and sentence herein complained of, it appears that the court had jurisdiction of the person, subject matter, and authority under the law to pronounce the judgment and sentence imposed, and that the same is, therefore, not void. It further appears that the petitioner seeks to obtain relief against alleged errors and irregularities of proceedings not affecting the jurisdiction of the court and which can be reached by appeal only and not by habeas corpus. We are, therefore, of the opinion that the writ should be and the same is hereby denied.

BAREFOOT, P. J., and JONES, J., concur.