## Ex parte BALLARD.

No. A-11496.    Dec. 20, 1950.

(225 P. 2d 825.)

Lawrence Ballard, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J. This is an original action in habeas corpus brought by Lawrence Ballard, pro se, wherein he alleges that he is being unlawfully restrained of his liberty by C. P. Burford, warden of the State Penitentiary at McAlester, Oklahoma. The cause of his restraint he alleges is a judgment and sentence out of the district court of Choctaw county, Oklahoma, entered on May 3, 1921, sentencing him to the penitentiary during his natural life for the murder of Mrs. Charley Dirsch, allegedly committed on May 19, 1921, in Choctaw county, Oklahoma. The petitioner attacks the validity of the judgment. The said attack is predicated upon what he alleges to be a void information, which information he says is vague and uncertain and insufficient to apprise him of the accusation against him, and therefore insufficient to confer jurisdiction on the trial court.

It appears from the petition that at the same time he was tried on the information herein involved, in another cause pending in the district court of Choctaw county, he was charged by information with the murder of Charley Dirsch, allegedly committed on May 19, 1921, at the same time and place as was the murder of Mrs. Charley Dirsch. The charging part of the information herein involved reads as follows:

"That is to say the said defendant, in Choctaw County, State of Oklahoma on the 19th day of May, 1921, did unlawfully, wrongfully, and feloniously, without authority of law and with a premeditated design to effect the death of one Mrs. Charley Dirsch, make an assault in and upon the said Mrs. Charley Dirsch with a certain weapon, to-wit: a shot gun then and there had and held in the hands of him, the said Lawrence Ballard,

and did then and there with the said weapon and shot gun so had and held as aforesaid, unlawfully, wilfully, wrongfully and feloniously and without authority of law and with a premeditated design to effect the death of the said Mrs. Charley Dirsch fire, shoot and discharge the said shot gun at, into and upon the body of the said Mrs. Charley Dirsch, then and there and thereby inflicting certain mortal wounds in and upon the said Mrs. Charley Dirsch, of which said mortal wounds so inflicted as aforesaid, the said Mrs. Charley Dirsch did on the 19th day of May, 1921, die as was intended by the said Lawrence Ballard, he should do, with the unlawful, wrongful and felonious intent then and there on the part of him, the said Lawrence Ballard to kill and murder the said Mrs. Charley Dirsch; * * *"

The petitioner contends that because of the clause contained in said information, "he should do", the information became vague and uncertain as to just whom the said Lawrence Ballard intended to cause to die, whether Mrs. Dirsch or her husband. Therefore, he contends he was tried upon a void information insufficient to confer upon the court jurisdiction, which fact he says renders the judgment and sentence void. In resolving this question we desire to say, the Criminal Court of Appeals assumes a liberal attitude in considering petitions for habeas corpus filed by inmates in the penitentiary without the advice and assistance of attorneys. Ex parte Custer, 88 Okla. Cr. 154, 200 P. 2d 781. But this court cannot extend the rule of liberality in such cases, to take cognizance of what appears to be a mere triviality. That this contention is founded on a mere triviality is found in the language of the charging part of the information itself as set forth in Exhibit 1 attached to the petition, as hereinabove set forth. An analysis of the information clearly indicates that the word "he" of said clause was the result of the typographical omission of

144

the letter "s" before the "h" in the word "he". Omitting from the information the clause "he should do," the information clearly states a cause of action against the petitioner for the alleged murder of Mrs. Dirsch, and, consequently, said clause appears to be mere surplusage. Moreover, the clause "he should do" constitutes no essential element of the information necessary to charge the crime of the murder of Mrs. Charley Dirsch. It has been held that an information is sufficient which informs an accused of the offense with which he is charged, with such particularity as to enable him to prepare for trial, and so defines the offense that, if convicted or acquitted, he will be able to defend himself against any subsequent prosecution for the same crime. Hamrick v. State, 85 Okla. Cr. 50, 184 P. 2d 807. In this regard the information herein was entirely sufficient. It appears that the information was sufficient to state a cause of action against the defendant as defined by the statutes of the state of Oklahoma, Title 21, O.S.A. 1941 § 701, defining murder, thus the court had jurisdiction of the subject matter. The defendant was present in person and by counsel at all stages of the trial and therefore the court had jurisdiction of his person. It further appears that the judgment and sentence pronounced is within the authority and power conferred by statute, Title 21, O.S.A. 1941 § 707. In habeas corpus inquiry is limited to those questions. Ex parte Franks, 88 Okla. Cr. 128, 200 P. 2d 778. It has been repeatedly held that a petitioner cannot be discharged on habeas corpus unless the court under whose authority he is imprisoned was without jurisdiction and its judgment was for some reason void, however numerous and gross the errors may have been at the trial. Ex parte Franks, supra; Ex parte Brown, 90 Okla. Cr. 129, 211 P. 2d 293. No lack of

jurisdiction appearing from the petition and judgment and sentence, the petition for a writ of habeas corpus is therefore insufficient upon which to base relief by habeas corpus.

The petitioner further engages in an extended review of the evidence which he alleges was involved in this case in the lower court. These are matters whereby he seeks to establish the proposition that the evidence was insufficient to support the conviction. Such matters are not within the scope of review on habeas corpus because review on habeas corpus is limited to an examination of the jurisdiction of the court whose judgment and sentence is challenged. Ex parte Custer, supra, and cases therein cited. Moreover, these are matters which could only be reached on appeal for the reason that it has been repeatedly held that the writ of habeas corpus may not be used as a substitute for an appeal. Ex parte Franks, supra, and numerous cases cited therein. For all the above and foregoing reasons, the petition for writ of habeas corpus is denied.

JONES, P. J., and POWELL, J., concur.