**Earl CAMPLAIN, Petitioner,**

v.

**R. R. RAINES, Warden Oklahoma State Penitentiary, Respondent.**

**No. A–13069.**

Court of Criminal Appeals of Oklahoma.

Oct. 4, 1961.

Earl Camplain, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BUSSEY, Judge.

Petitioner filed herein an application for a writ of habeas corpus, to secure his release from confinement in the Oklahoma State Penitentiary.

The record before the court reflects that petitioner was charged with the crime of robbery with a dangerous weapon in the district court of Jefferson County, Oklahoma, wherein said petitioner was convicted, upon his plea of guilty, for which he received a sentence of forty years in the State Penitentiary.

As grounds for relief the petitioner alleges that he is being restrained of his liberty without due process of law under a void judgment and sentence. He states in his petition that he entered a plea of guilty to the charge of robbery with a dangerous weapon upon the advice of court-appointed counsel; that his counsel was aware at the time he advised him to enter a plea of guilty, that the county attorney had agreed to recommend a sentence of forty years, while counsel had led petitioner to believe that the county attorney would recommend a sentence of ten years in the penitentiary; that petitioner immediately attempted to withdraw his plea of guilty, and to enter a plea of not guilty; that the court refused to permit him to withdraw his plea of guilty, and proceeded to pronounce judgment and sentence.

It has been called to the attention of the court by the Attorney General that after petitioner's conviction his case was appealed to this court and affirmed, and that the questions involved in the appeal case were substantially the same as the questions presented in this petition for a writ of habeas corpus. Camplain v. State, Okl.Cr., 362 P.2d 464.

This court has stated in numerous decisions that it would not issue a writ of habeas

corpus where accused has appealed his judgment of conviction, the conviction is affirmed and questions raised in habeas corpus proceedings were in existence and known to petitioner at time of appeal and were matters which properly should have been presented by appeal. Ward v. Raines, Okl.Cr., 360 P.2d 953, and cases cited therein.

For the reasons above stated the writ is denied.

NIX, P. J., and BRETT, J., concur.