Earl CAMPLAIN, Petitioner,

v.

The STATE of Oklahoma, and Ray Page, Warden of the State Penitentiary, Respondents.

No. A–13418.

Court of Criminal Appeals of Oklahoma.

Sept. 11, 1963.

Earl Camplain, petitioner, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

JOHNSON, Judge.

Earl Camplain has filed herein his petition in which he seeks a writ of habeas corpus releasing him from imprisonment in the State Penitentiary, where he is

serving a sentence of forty years, pursuant to a judgment and sentence pronounced by the district court of Jefferson County, Oklahoma.

The Attorney General has filed a response on behalf of the State and the Warden of the Penitentiary, in which he calls attention to the fact that this petitioner, subsequent to his conviction in the above-named court, and in due time, filed an appeal in this Court. An opinion was rendered thereon May 24, 1961, affirming the judgment and sentence. Camplain v. State, Okl.Cr., 362 P.2d 464. Also, that thereafter this petitioner filed in this Court a petition for release by writ of habeas corpus, which writ was denied October 4, 1961. Camplain v. Raines, Warden, Okl.Cr., 365 P.2d 398.

This Court has been consistent in adhering to the rule laid down that it will not issue a writ of habeas corpus where the accused has appealed his judgment of conviction, the judgment has been affirmed and questions raised in habeas corpus proceedings were in existence and known to petitioner at the time of appeal, and were matters which properly should have been presented by appeal. Ex parte Herren, 74 Okl.Cr. 154, 124 P.2d 276; In re Booth, 74 Okl.Cr. 406, 126 P.2d 751; In re Vassar, Okl.Cr., 338 P.2d 259; In re Brock, Okl. Cr., 358 P.2d 236.

And by the same token we have repeatedly held, as stated in Ex parte Davis, 74 Okl.Cr. 75, 123 P.2d 300:

"Where the Criminal Court of Appeals on final hearing has denied an application for a writ of habeas corpus, it will not ordinarily entertain a subsequent application for a writ based on the same grounds and the same facts, as presented in a former application, or on any other ground or facts existing when the first application was made, whether presented then or not."

And see Ex parte Gray, 74 Okl.Cr. 200, 124 P.2d 430; Ex parte Peaker, 87 Okl.Cr. 139, 194 P.2d 893 (certiorari denied Peaker v. State, 335 U.S. 909, 69 S.Ct. 409, 93 L. Ed. 442); Ex parte Tidwell, 92 Okl.Cr. 263, 222 P.2d 760.

The records before us disclose that this petitioner was charged with robbery with a dangerous weapon, to-wit: a certain .32 calibre automatic pistol; that an attorney was appointed to represent him, and that he entered a plea of guilty. Camplain v. State, Okl.Cr., 362 P.2d 464.

We further note in the opinion in the appealed case a statement that this petitioner's record in the office of the Pardon & Parole Board discloses that prior to his conviction for robbery with a dangerous weapon, for which he is now serving in the penitentiary and about which he complains, that he had sustained two convictions for felonies, and had served terms of imprisonment in the state penitentiary for each of said convictions. As stated in that opinion, by reason of these prior convictions the petitioner was not inexperienced in court proceedings, but was thoroughly experienced in crime and familiar with the rights of those charged in criminal actions.

Petitioner states in his petition, " * * * alleges further as a fact of common knowledge and discussion among the members of the prison population * * * that said appellate court has a 'standing' rule followed without known exception, that no redress in the nature of affirmative relief shall be granted to a convict appearing therein pro se."

This Court has stated repeatedly that petitions for habeas corpus, and all other pleadings, prepared by inmates of state institutions without the services of counsel, will be liberally construed, and if they contain any allegations that by a reasonable inference indicate that the inmate is illegally restrained of his liberty, the court will assume original jurisdiction. Ex parte Cassidy, 83 Okl.Cr. 159, 174 P.2d 271; Ex parte Walker, 84 Okl.Cr. 190, 180 P.2d 670; Ex parte Allen, 86 Okl.Cr. 48,

192 P.2d 289; Ex parte Ballard, 93 Okl.Cr. 141, 225 P.2d 825, and many other cases.

In the case of In re Sherrill, Okl.Cr., 285 P.2d 469, this Court, speaking through Judge Jones, said:

> "We carefully scrutinize every petition filed by one who is restrained of his liberty so that no person may be unjustly deprived of his liberty. Rarely do we find a petition for habeas corpus filed by an inmate of the penitentiary with any substantial merit. It would appear that some inmate with a smattering of law had developed a racket in the penitentiary which enabled him to prey upon inmates with little knowledge of the law and the function of courts."

In this instance we are inclined to agree with the statement of the Attorney General, wherein he states:

> "It affirmatively appears from the petition, specifically in allegations VI and VII, that petitioner does not in good faith seek an adjudication of his alleged cause on its merits, but merely seeks to lay the procedural groundwork for a petition to Federal court."

For the reasons herein stated, the petition for writ of habeas corpus is denied.

BUSSEY, P. J., and NIX, J., concur.